**UNITED STATES of America, Appellee,**

v.

**Raymond Bobby BOONE, Appellant.**

**No. 76–1509.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1976.

Decided Nov. 8, 1976.

---

Michael G. Walsh, Greensboro, N. C. (Walsh and Rayle, Greensboro, N. C., on brief), for appellant.

Jimmie C. Proctor, Asst. U. S. Atty., Asheville, N.C. (Keith S. Snyder, U. S. Atty., Asheville, N.C., on brief), for appellee.

Before WINTER and CRAVEN, Circuit Judges, and FIELD, Senior Circuit Judge.

CRAVEN, Circuit Judge:

This is an appeal by Raymond Bobby Boone from a judgment of conviction of violating 26 U.S.C. §§ 5861(d) and 5871 (possession of an unregistered sawed-off shotgun) entered upon his guilty plea. Immediately prior to sentencing Boone claimed innocence and asked to withdraw his guilty plea because of dissatisfaction with his then counsel. The court refused. We are convinced, as was the district judge, that Boone entered his plea of guilty voluntarily and with understanding of the nature of the charge against him. Even so, we must reverse.

In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court adopted a *per se* rule of compliance with Rule 11 of the Federal Rules of Criminal Procedure, saying that there is no adequate substitute "for demon-strating *in the record at the time the plea is entered* the defendant's understanding of the nature of the charge against him." [1] Here we are not concerned with Boone's understanding of the nature of the charge, but instead with whether amendments to Rule 11 are within the *per se* rule of *McCarthy.*

Effective December 1, 1975, additional duties were put upon the district courts: Rule 11.

(c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

. . . . .

. . . . .

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

Fed.R.Crim.P. 11.

Because the trial occurred soon after the effective date of the new amendments, the

---

1. In *Brokaw v. United States,* 368 F.2d 508 (1966), *cert. denied,* 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344 (1967), we held that, when a district court fails to comply literally with Rule 11 of the Federal Rules of Criminal Procedure, permission to plead over is not to be granted automatically. We put upon the government the burden of demonstrating from the record of the Rule 11 hearing that the guilty plea was voluntarily entered with an understanding of the charge. Our approach, which was also that of some other circuits, was rejected in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

district court understandably failed to inform the defendant (1) that if he chose trial by jury he could not be compelled to incriminate himself, (2) that if he pleaded guilty he waived his right to a trial of any kind, and (3) that if he pleaded guilty "he might be asked questions about the offense . . and if his answers should be under oath and on the record and in the presence of his counsel such answers might later be used against him in a prosecution for perjury."[2]

█ Even though the able district judge did not have before him the new amendments, we agree with the United States Attorney that his careful and sensitive colloquy with the defendant substantially complied with the other new requirements put into effect December 1, 1975. We conclude, however, that the failure to advise the defendant with respect to his right against self-incrimination, to instruct him that there would be no trial of any kind, and to warn him of possible perjury peril compels reversal. Although the ultimate question is always one of voluntariness, we think the thrust of *McCarthy* has continuing vitality and that we should not anticipate its erosion, or undertake to separate inquiries that may be thought more essential from others contained in the command of the rule.

█ With respect to the 1975 amendments "[w]e thus conclude that prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea." 394 U.S. at 471–72, 89 S.Ct. at 1173–74.

█ And we "hold that a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11," as amended. *Id.* at 463–64, 89 S.Ct. at 1169.

On remand the district court will permit the defendant to withdraw his plea of guilty and plead over.

*REVERSED.*

---

2. The apprehended danger may be more theoretical than real. In our combined 47 years of experience as federal judges, we have yet to observe a perjury prosecution such as guarded against by 11(c)(5).