UNITED STATES of America, Appellee,

v.

**Adelle Ray WHITE, Appellant.**

No. 77–1379.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 15, 1978.

Decided March 28, 1978.

Keith C. Monroe, Santa Ana, Cal. (Monroe & Riddet, Santa Ana, Cal., on brief), for appellant.

Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C. (Mary Ellen Goman Slocum, Asst. U. S. Atty., on brief), for appellee.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

PER CURIAM:

In an unpublished opinion, we held that Adelle Ray White's conviction, upon her plea of guilty for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), must be reversed and her plea set aside. She had sought this relief in a motion under 28 U.S.C. § 2255 on the ground that the district court had failed to comply with Rule 11(c)(5) when it accepted her plea. Specifically, we held, on the authority of *United States v. Boone,* 543 F.2d 1090 (4 Cir. 1976), that because she was not told, when she tendered her plea, that if she pleaded guilty she might be asked questions, and if she answered under oath, on the record and in the presence of counsel, her answers might later be used against her in a prosecution for perjury or false statement, her sentence must be vacated.[1]

On petition for rehearing and after considering the government's petition and brief in support thereof and the prisoner's response and brief, we conclude to grant rehearing, withdraw our prior opinion and affirm the district court's denial of White's § 2255 motion.

I.

White sought relief under 28 U.S.C. § 2255. Unlike the facts in *Boone,* she did *not* appeal from the sentence imposed upon her conviction. Before her guilty plea was accepted, she was not given the specific admonition required by Rule 11(c)(5).[2] Although White was interrogated by the district court as part of an extended colloquy to establish the voluntariness of her plea, she was *not* sworn and interrogated under oath.

---

1. The government calls to our attention the unpublished opinion of another panel of this court in *United States v. DeRose,* 559 F.2d 1213 (4 Cir. 1977), holding, *inter alia,* that, in a direct appeal, the district court's failure to comply with Rule 11(c)(5) was harmless error "because the defendant had made a plea bargain and had the assistance of retained counsel." It is beyond the scope of this appeal to determine if *Boone* and *DeRose* are in conflict and, if so, how the conflict should be resolved. For the district courts within the circuit and the practicing bar, however, we call attention to our Local Rule 18 relating to publication of opinions. It suggests that *Boone,* as a published opinion, is entitled to greater precedential value than *DeRose* which was unpublished, should any question arise as to which controls.

2. In pertinent part, Rule 11 provides:

 (c) Advice to Defendant. Before accepting a plea of guilty . . . the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

 (5) that if he pleads guilty . . . the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his

■ While our original opinion proceeded on the assumption that a district court's failure to comply with Rule 11 would give rise to the same relief on collateral attack as on direct appeal, we are now persuaded to the contrary. Along with the Second, Fifth, Eighth and Tenth Circuits,[3] we agree that *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974) (quoting from *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)), establishes that " 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements' of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error." Absent a mistake of constitutional or jurisdictional dimensions, "the appropriate inquiry [under 28 U.S.C. § 2255] was whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice' . . . " 417 U.S. at 346, 94 S.Ct. at 2305 (quoting from 368 U.S. at 428, 82 S.Ct. 468). Accordingly, our inquiry here is not simply whether Rule 11(c)(5) was observed; the record establishes that it was not. Rather, our inquiry is whether White suffered prejudice of constitutional magnitude as a result of non-observance of the rule.

■ We hold that she did not. It would be difficult enough to posit a case in which a defendant who otherwise concluded to plead guilty would be encouraged or discouraged to tender his plea by lack of knowledge that he may be interrogated under oath under penalty of perjury by the district court. Such knowledge, or the lack thereof, simply does not go to the voluntariness of the plea.[4] But White's case is even stronger because she was *not* interrogated under oath by the district court. Even less could the voluntariness of her plea be adversely affected by knowledge of what might, but did not, happen. We therefore conclude that White is not entitled to relief under § 2255 as a result of the district court's failure to comply with Rule 11(c)(5).

## II.

In our previous opinion, we found no need to consider White's other grounds for relief under § 2255. In view of our present holding concerning the non-observance of Rule 11(c)(5), we address them now.

■ Our reading of the record persuades us that White was sufficiently advised of her right to confront and cross-examine witnesses to comply with Rule 11(c)(3). *See United States v. Ready,* 460 F.2d 1238 (4 Cir. 1972). We think also that the record reflects both the factual basis for the plea and that White understood the nature of the charge. *Cf. Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Finally, the mere fact that the sentence imposed upon White— four years with parole eligibility after fif-

answers may later be used against him in a prosecution for perjury or false statement.

3. *DelVecchio v. United States,* 556 F.2d 106 (2 Cir. 1977); *United States v. Hamilton,* 553 F.2d 63 (10 Cir.), *cert. denied,* 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (October 3, 1977); *Johnson v. United States,* 542 F.2d 941 (5 Cir. 1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1559, 51 L.Ed.2d 779 (1977); *McRae v. United States,* 540 F.2d 943 (8 Cir. 1976).

4. In 1974, the Supreme Court, pursuant to 18 U.S.C. §§ 3771–72, transmitted to Congress a series of proposed amendments to the Federal Rules of Criminal Procedure. Under these proposed amendments Rule 11(c) was expanded to include the specific types of information a district court must convey to a defendant in order to insure the voluntariness of his subsequent plea. As finally enacted, subsections (1)–(4) of Rule 11(c) contain the substance of the amendments proposed by the Supreme Court to insure voluntariness. Rule 11(c)(5) was not included in the original proposals transmitted to Congress but was added later by the House Judiciary Committee "as a result of its change in subdivision (e)(6)." 2 U.S.Code Cong. & Admin.News, p. 679 (1975). As originally proposed, Rule 11(e)(6) contained a broad prohibition against the use in later proceedings of defendant's statements made at the Rule 11 hearing. The Committee amended this to make statements made by the defendant under oath, on the record, and in the presence of counsel admissible in a subsequent criminal proceeding for perjury or false statement. Since this exception created a potential risk to defendants, subsection (5) was added to Rule 11(c) to insure that defendants have notice of this risk. Fairness, not voluntariness, is the concept underlying Rule 11(c)(5).

teen months—exceeded that estimated by her attorney does not render her plea involuntary. There is no claim that there was an undisclosed and unfulfilled plea bargain for a lesser sentence, *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); or that her attorney gave her any assurances of a lesser sentence, *Wellnitz v. Page,* 420 F.2d 935 (10 Cir. 1970).

*AFFIRMED.*