**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Lee BOATRIGHT, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward Rush HOWARD, Defendant-Appellant.**

**Nos. 77–5347, 77–2675.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1979.

Edward A. Mallett, J. Patrick Wiseman, Houston, Tex., for defendant-appellant in No. 77–2675.

J. A. Canales, U. S. Atty., Anna E. Stool, George A. Kelt, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee in No. 77–2675.

Robert J. Kuhn, Austin, Tex., for defendant-appellant in No. 77–5347.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, W. Ray Jahn, Ronald P. Guyer, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee in No. 77–5347.

Before GEWIN, GODBOLD and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

These are direct criminal appeals which raise issues of failure of the trial court to comply with the requirements of Fed.R. Crim.P. 11 in accepting guilty pleas.

"When challenged on direct appeal, the trial court's failure to comply literally with the requirements of . . . rule [11] obliges it to give the defendant an opportunity again to plead." *U. S. v. Gray*, 584 F.2d 96, 96 (C.A.5, 1978). Our later en banc opinion in *Keel v. U. S.*, 585 F.2d 110, 113 (C.A.5, 1978), requires a showing of prejudice in collateral attacks on guilty pleas for failure to comply with Rule 11. It does not affect the established rule for direct appeal cases set out in *Gray*.

### I. Boatright, No. 77–5347

Boatright was indicted on two counts for conspiring to engage in the business of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1), and for dealing in firearms without a license. He pleaded guilty to the conspiracy count, the second count was dismissed, and he was sentenced to three years imprisonment.

We agree with the defendant that the district court failed to comply with Rule 11 in three respects: (1) failure to explain the charge and to determine whether Boatright understood the charge against him; (2) failure to inform him that his statements given under oath could, if untrue, be used in a subsequent perjury charge; and (3) failure to make an adequate inquiry into the factual basis for his plea.

Boatright pleaded guilty to the conspiracy charge. At the rearraignment proceeding the conspiracy portion of the indictment was read to him by the prosecutor. The court then asked Boatright whether he understood the charge and explained that he was "charged with intentionally engaging in the gun business" and that intent was an important element of the offense. The court explained that it is required "that in the commission of this alleged offense and your alleged participation in it that you did something which the law forbids you to do or failed to do something which the law demands that you do, do you understand that?"

 Rule 11(c)(1) requires the district judge to explain to the defendant the charge to which he is pleading guilty and to determine whether the defendant understands the charge. Here the court failed to comply with both requirements. Reading an indictment to a defendant is usually not an adequate explanation of the charges to the defendant. *U. S. v. Adams*, 566 F.2d 962, at 967 (C.A.5, 1978); *see U. S. v. Coronado*, 554 F.2d 166, 172 (C.A.5), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).[1] This court stated in *Adams* that

---

1. The Second Circuit has taken a more lenient approach on what constitutes an adequate explanation of the charges to the defendant. *See U. S. v. Saft*, 558 F.2d 1073, 1079 (C.A.2, 1977). Originally in *Irizarry v. U. S.*, 508 F.2d 960 (C.A.2, 1974), the Second Circuit disapproved of a mere reading of the indictment as a suffi-

cient explanation of the charges. *Id.* at 965. In *Saft*, however, the Second Circuit limited the applicability of *Irizarry* to cases where the charges are too complex for easy understanding. *Id.* at 1080; *accord, Seiller v. U. S.*, 544 F.2d 554, 562–63 (C.A.2, 1975). The Second Circuit's interpretation of 11(c)(1) is

"to inform a defendant of the nature of the charge must mean more to [sic] having the indictment read to the defendant . . . In most cases only the most sophisticated defendant would be informed of the nature of the charge by a reading of the indictment without more." 566 F.2d at 967. We do not find it necessary to inquire into the degree of this defendant's sophistication and whether the indictment was written in clear language. Whatever explanation of the charges was provided by reading the indictment was vitiated by the judge's incorrect statement of the charges to which the defendant was pleading guilty. The statement that the charge was for engaging in the gun business confused the two counts in the indictment. The defendant pleaded guilty only to the conspiracy count.

There is no merit to the government's argument that the charges were adequately explained for the reasons that the defendant received a copy of the indictment and went over it with his attorney. As this court said in *Adams* :

> [A] determination that the defendant has gone over the indictment with his attorney is not the determination that Rule 11 requires. This procedure, used by the trial court here, could possibly help the trial court determine that the guilty plea is voluntary, as the Constitution requires. It does not fulfill the other purpose of Rule 11, to provide a record that will show that the plea was voluntary.

566 F.2d at 968 (citation omitted).

The failure to adequately explain the charge naturally raises doubts about the inquiry into the defendant's understanding of the charge. This court has repeatedly held that "routine questions on the subject of understanding are insufficient, and a single response by the defendant that he 'understands' the charge gives no assurance or basis for believing that he does." *U. S. v. Lincecum,* 568 F.2d 1228, 1231 (C.A.5, 1978) (per curiam) (citing *Sierra v. Government*

of *Canal Zone,* 546 F.2d 77, 79 (C.A.5, 1977)); *U. S. v. Coronado, supra* at 172–73. Here the defendant was asked whether he understood the charge and answered that he did. To the question whether he "did something the law forbids you to do or failed to do something which the law demands that you do," the defendant answered "Yes." The district judge also asked the defendant whether he understood that he was charged with intentionally engaging in the gun business. These are the only questions asked the defendant about his understanding of the charges against him. They are inadequate.

Nowhere in the record does it appear that the judge asked the defendant whether he understood that the charge against him involved a conspiracy to engage in the gun business without a license and that the defendant understood that his guilt turned on whether he agreed with his co-defendants. This court stated in *Coronado, supra* at 172, that "conspiracy" is not a self-defining term and that for the defendant to understand the charge against him it is usually necessary to explain that term. In *Coronado,* however, the court concluded that the defendant understood the charges against him even though the term conspiracy was not defined. The court's conclusion that the defendant understood was founded on two considerations. First, the general nature of the offense was accurately described by the judge, and the prosecutor's factual summary included descriptions of meetings between the defendant, co-defendants and a government agent. Second, the court stated that "the transcript as a whole makes clear that Coronado understood that the government intended to rely upon proof of these facts [the meetings], and proof of these facts would have required Coronado's conviction." *Id.* at 173. Here, on the other hand, the district judge informed Boatright that he was pleading guilty to "intentionally engaging in the gun business," and Boatright responded that he understood that.

---

symptomatic of that court's willingness to accept less than literal compliance with Rule 11. *See U. S. v. Michaelson,* 552 F.2d 472, 477 (C.A.2, 1977); *cf Del Vecchio v. U. S.,* 556 F.2d

106, 109 (C.A.2, 1977) (*Michaelson* is as far as court should go in excusing literal compliance with Rule 11).

We cannot conclude that a defendant understands a conspiracy charge when he is told that the charge he is pleading guilty to is the substantive offense. In *Coronado* the prosecution's description of meetings between the defendant and others aided the court in determining that the defendant understood the elements of a conspiracy charge. Here the factual summary read by the prosecutor did not include the description of meetings between Boatright and his co-defendants. There is, therefore, no basis for inferring that Boatright understood that proof of an agreement to engage in illegal conduct was an essential element of the offense to which he pleaded guilty.

■ The district judge did not inform Boatright that he can be required to answer questions under oath and that "his answers may later be used against him in a prosecution for perjury or false statement." Fed.R.Crim.P. 11(c)(5). The government concedes that there was no compliance with 11(c)(5) but argues that Boatright was not prejudiced by the omission because no perjury charges have been brought or contemplated and Boatright does not contest the truthfulness of his statements. No showing of prejudice is required.

The Fourth Circuit is *U. S. v. Boone*, 543 F.2d 1090, 1092 (C.A.4, 1976), also has concluded that the omission of 11(c)(5) advice requires reversal. The court stated that "although the ultimate question is always one of voluntariness, we think the thrust of *McCarthy* [*McCarthy v. U. S.*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)] has continuing vitality and that we should not anticipate its erosion, or undertake to separate inquiries that may be thought more essential from others contained in the command of the rule." *Id.*[2]

■ The final Rule 11 issue concerns the sufficiency of the district judge's inquiry into the factual basis for the guilty plea. Fed.R.Crim.P. 11(f). The transcript reveals three instances in which the factual basis for Boatright's guilty plea are arguably revealed: (1) reading the indictment; (2) the prosecutor's factual summary of the case; and (3) the court's question whether the defendant "knowingly participated in this thing or not."

The court held in *Jimenez v. U. S.*, 487 F.2d 212, 212–13 (C.A.5, 1973), *cert. denied*, 416 U.S. 916, 94 S.Ct. 1623, 40 L.Ed.2d 118 (1974), that the indictment can, when sufficiently specific, be used as the sole source of the factual basis for a defendant's guilty plea. *Accord, Sassoon v. U. S.*, 561 F.2d 1154, 1158 (C.A.5, 1977). The indictment in this case is not sufficiently specific to tie defendant to the illegal gun dealing conspiracy. While it alleges that Boatright conspired with the other defendants it fails to allege any facts tying him to the conspiracy. Rule 11 requires that the factual basis for each essential element of the crime be shown. *U. S. v. Johnson*, 546 F.2d 1225, 1226 (C.A.5, 1977). The factual summary read by the prosecutor suffers from the same deficiency as the indictment—there

---

**2.** In a later case, *U. S. v. White*, 572 F.2d 1007, 1008 (C.A.4, 1978), the Fourth Circuit concluded that on collateral attack, a failure to comply with 11(c)(5) will result in reversal only if the defendant can show prejudice. The *White* decision is only an application of the different standards of review which we adopted in *Keel.* The court pointed out in *White* that its decision in *Boone* is still good law. 572 F.2d at 1008 n.1.

The Second Circuit takes a somewhat different view. In *U. S. v. Journet*, 544 F.2d 633, 636–37 (C.A.2, 1976), the court held that literal compliance with all elements of Rule 11 was required, including 11(c)(5). Subsequent Second Circuit opinions have eroded this decision. In *U. S. v. Michaelson*, 552 F.2d 472 (C.A.2, 1977), the court concluded that failure

to comply with 11(c)(5) is not reversible error where the defendant is "not put under oath before questioning about his guilty plea." *Id.* at 477; *accord, U. S. v. Saft*, 558 F.2d 1073, 1079 (C.A.2, 1977). Even under the Second Circuit's approach the plea in this case has to be set aside. After the court decided to accept the plea, the defendant was placed under oath and asked questions about the factual basis for his guilty plea.

*Coronado* is consistent with our reading of 11(c)(5). There we said that a district court's failure to put a defendant under oath is reversible error only if the defendant was prejudiced. While 11(c)(5) is permissive on putting the defendant under oath, it is mandatory on advising the defendant of that possibility and its consequences.

are no facts showing that the defendant agreed with his co-defendants. *See id.* at 1227. Finally, the questions asked by the district judge did not elicit a factual basis for concluding that the agreement element of a conspiracy was present.

█ The government argues that the defendant failed to raise his Rule 11 claims in the district court and that he therefore waived them. The argument is without merit. *See Richardson v. U. S.*, 577 F.2d 447, 451 n.5 (C.A.5, 1978); *U. S. v. Clark*, 574 F.2d 1357, 1358 (C.A.5, 1978).

Appellant also claims that the court abused its discretion in imposing sentence. Because we conclude that the defendant is entitled to plead again we do not reach the merits of this issue.

REVERSED.

### II. Howard, No. 77–2675

Howard was indicted for conspiracy to possess and distribute heroin and cocaine and possession and distribution of cocaine in a seven count indictment. He pleaded guilty to the seventh count and the rest were dismissed. He was sentenced to three years imprisonment and a three-year special parole term. The defendant filed a host of post-trial motions, including a motion for a new trial and withdrawal of guilty plea. The motion was denied and he appeals.

Howard raises three issues: (1) Did the district judge fail to consider his competency in violation of the due process clause?; (2) Was his guilty plea voluntary?; (3) Does failure to comply with Fed.R.Crim.P. 11(c)(5) entitle him to plead anew?

█ We do not reach the merits of the first two issues. With respect to the third issue, Howard was placed under oath and did not receive the required warning of a possible perjury prosecution. For reasons set out in *Boatright*, above, the district court's denial of the motion to withdraw guilty plea and for a new trial must be reversed.

REVERSED.