**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juan Arnulfo COBOS,**
**Defendant-Appellant.**

**No. 77–5722**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 8, 1979.

Juan Arnulfo Cobos, pro se.

Michael P. Lynn, Dallas, Tex. (Court-appointed), for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 P.2d 409, Part I.

**PER CURIAM:**

Cobos and two others were charged under 21 U.S.C. § 846 with conspiring to possess heroin with intent to distribute the same. The charge was contained in Count I of a three count indictment. The count was lengthy and alleged nine overt acts. On his plea of guilty under the count in question, defendant was convicted and sentenced to ten years in prison with a special parole term of five years. On direct appeal he now contends that the trial court failed to comply with the requirements of Fed.R. Crim.P. 11 in accepting his guilty plea.

The transcript of the proceedings reveals that the Assistant United States Attorney read Count I of the indictment but that the court did not undertake to inform the defendant of the nature of the offense charged. Under similar circumstances this court held in *United States v. Boatright*, 588 F.2d 471 (5th Cir. 1979) that the defendant was entitled to plead again. *Boatright* controls the case *sub judice* and necessitates that the judgment of conviction be reversed.[1]

REVERSED.

---

1. We do not find it necessary to treat appellant's contention that there were other deficiencies in the proceeding. In the light of the guidance provided by *Boatright* the claimed errors are not likely to recur.