107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Julius HUNT, Defendant-Appellant.
 No. 95-10375.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 20, 1996.
Decided March 6, 1997.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant/appellant John Julius Hunt pleaded guilty to one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(2). Hunt appeals the district court's denial of his motion to withdraw that plea. Because we find that Hunt waived in his plea agreement the right to appeal the denial of his motion to withdraw, and that the plea and agreement were voluntary, we dismiss his appeal.
 
 
 4
 We need not set forth the facts because the parties are familiar with them. We review de novo the issue of whether a defendant validly waived the right to appeal in his or her plea agreement. United States v. Gonzalez, 16 F.3d 985, 988 (9th Cir.1993).
 
 
 5
 A waiver of appeal in a plea agreement is valid if the plea was made knowingly and voluntarily. United States v. Michlin, 34 F.3d 896, 898 (9th Cir.1994). In Michlin, we held that plea agreement language that was substantively the same as the language in Hunt's agreement waived the defendants' right to appeal the district court's denial of their motions to withdraw their pleas. Id. at 898, 900. The Michlin plea agreements stated:
 
 
 6
 [T]he defendant agrees to, and hereby does, voluntarily waive his right to appeal his conviction and/or the sentence ultimately imposed by the Court, if within the guideline range as determined by the Court.
 
 
 7
 Id. at 898 (emphasis added). Similarly, Hunt's plea agreement states:
 
 
 8
 The defendant waives any right to appeal and collaterally attack by way of a petition under 28 U.S.C. § 2255 any judgment and sentence rendered in this case so long as he is sentenced within the guideline range estimated by this plea agreement.
 
 
 9
 (Emphasis added). The district court sentenced Hunt within the guideline range. Therefore, under Michlin, if Hunt knowingly and voluntarily entered his plea, Hunt waived his right to appeal the district court's denial of his motion to withdraw his plea. See id. We reject Hunt's contention that his waiver of appeal did not extend to his conviction or the denial of his right to withdraw his plea. His conviction is a "judgment" within the meaning of the waiver, and his motion to withdraw his plea, if granted, would vacate that judgment and his sentence. His appeal therefore challenges his judgment and sentence, and falls within terms of the waiver.
 
 
 10
 To maintain his appeal, then, Hunt must show that his plea was invalid. As we did in Michlin, we consider Hunt's claims that the district judge committed Rule 11 errors at the plea proceeding only for the purpose of deciding whether Hunt knowingly and voluntarily entered his plea, so that his plea agreement is enforceable. See id. at 898-901. Hunt urges several errors made by the district court during the plea proceedings: the court failed to inform Hunt that he was waiving his right to confront and cross-examine adverse witnesses, Fed.R.Crim.P. 11(c)(3); it failed to inform him that, if he pleaded guilty, there would be no further trial of any kind, Fed.R.Crim.P. 11(c)(4); it did not advise him that his answers under oath could be used against him in a prosecution for perjury or false statement, Fed.R.Crim.P. 11(c)(5); and the court failed to advise him that, if the court did not accept the government's sentencing recommendation, Hunt had no right to withdraw his guilty plea, Fed.R.Crim.P. 11(e)(2). See United States v. Graibe, 946 F.2d 1428, 1432-35 (9th Cir.1991).
 
 
 11
 The failure to advise Hunt that his sworn statements could be used against him in a prosecution for perjury or false statement is of no concern here, because there has been no such prosecution. See United States v. Conrad, 598 F.2d 506, 509 (9th Cir.1979). The remaining omissions listed above would be cause for concern if Hunt had brought them to the attention of the district court when he moved to withdraw his guilty plea. He did not raise those issues in district court, however, and we will not consider them for the first time on appeal. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.1987); United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). The omissions are not so fundamental that they negate the voluntariness of Hunt's plea, particularly in light of the provisions of the plea agreement.
 
 
 12
 Hunt did raise one Rule 11 error in his motion to withdraw his plea: he pointed out that the district court failed to explain the nature of the charge, as required by Rule 11(c)(1). At the plea proceeding, the district court asked Hunt whether the charges had been explained to him and elicited from Hunt a statement of the factual basis of the plea, but the court did not explain to Hunt the nature of the charge or how it related to the facts. This failure constituted a violation of Rule 11(c)(1). See United States v. Smith, 60 F.3d 595, 597-98 (9th Cir.1995).
 
 
 13
 We may not reverse, however, if the Rule 11 error was harmless. Id. at 599; Fed.R.Crim.P. 11(h). In this case we are satisfied that the error was harmless. One example that the Advisory Committee on Rules offered for harmless error under Rule 11(h) was an instance in which "some essential element of the crime was not mentioned, but the defendant's responses clearly indicate [the defendant's] awareness of that element." Notes of Advisory Committee on Rules on the 1983 Amendment; see also Smith, 60 F.3d at 599. Hunt was advised in open court during his plea hearing that he was charged with abusive sexual contact, in violation of 18 U.S.C. § 2244(a). The elements of that offense are that the defendant (1) knowingly engaged in (2) sexual contact by (3) threatening or placing the victim in fear. See Ninth Circuit Manual of Model Jury Instructions, 1992 Ed., § 8.37A, 8.38A. "Sexual contact" is defined by statute to include "the intentional touching ... of the genitalia, .. breast, inner thigh, or buttocks of any person with an intent to ... arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246.
 
 
 14
 When the district court asked Hunt to explain in his own words what he believed was the basis of the charge, Hunt stated in open court: "I had unwarranted sexual contact with an employee of mine in that I put her in fear to satisfy my own sexual desires and ... she was frightened." He further said: "I took off some of her clothing, and I touched her breast and vaginal area to satisfy my own sexual desires." He also stated that he now understood that the employee was afraid of losing her position, and that Hunt "took advantage of that," he supposed, "to satisfy [his] own sexual desires." In answer to the court's question whether he acted intentionally to satisfy his own sexual desires, Hunt answered "yes."
 
 
 15
 Hunt's statements go well beyond a simple recital of the facts of his case; they deal explicitly with all of the elements of the crime (including the requisite states of mind of perpetrator and victim) and the proper definition of "sexual contact." Hunt explained that he had knowing sexual contact with the victim (i.e., touching her breast and vaginal area), that he put the victim in fear, and the he did so to satisfy his own sexual desires. Hunt's statements in open court demonstrate beyond dispute that he understood the elements of the crime with which he was charged, and how those elements applied to the facts of his case. The failure of the district court to explain those very matters to him was therefore harmless error; an explanation would have added nothing to the understanding that Hunt had already displayed. We accordingly conclude that there was no fatal infirmity in Hunt's plea that would vitiate his plea agreement or the waiver of appeal contained in it. We enforce the waiver.
 
 
 16
 Finally, Hunt contends that he had an absolute right to withdraw his plea because the district judge had not yet "accepted" Hunt's plea agreement. See United States v. Hyde, 92 F.3d 779, 780 (9th Cir.1996), cert. granted, 117 S.Ct. 759 (1997). We do not reach this argument, however, because Hunt raised it for the first time in his reply brief. See Eberle v. City of Anaheim, 901 F.2d 814, 817-18 (9th Cir.1990).
 
 
 17
 APPEAL DISMISSED.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3