[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-12338

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAYSON E. WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:20-cr-00033-WLS-TQL-1

_____

Before BRANCH, GRANT, and ED CARNES, Circuit Judges.

BRANCH, Circuit Judge:

Jayson Wright appeals his criminal conviction after pleading guilty, pursuant to a written plea agreement, to one count of producing child pornography by a parent or legal guardian in violation of 18 U.S.C. § 2251(b) and (e), and one count of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e). Wright was sentenced to a total of 720-months' imprisonment. For the first time on appeal, Wright contends that the district court violated Rule 11 of the Federal Rules of Criminal Procedure in taking his guilty plea on the § 2251(a) charge because (1) there was not an adequate factual basis supporting his guilty plea and (2) the district court did not adequately explain the nature of Wright's charge.

Wright, charged in the § 2251(a) count with taking pornographic images of a sleeping minor girl, argues that the minor needed to have volitionally participated in the sexual act to sustain his conviction under 18 U.S.C. § 2251(a) and (e).[1] Because the district court did not mention a volitional requirement during the plea colloquy, and because Wright would not have pleaded guilty had he known about what he contends is the volitional requirement, Wright argues that he was prejudiced and his conviction should be reversed. Because we have held that 18 U.S.C. § 2251(a) does not require the minor to volitionally participate in

---

[1] Wright does not challenge his § 2251(b) conviction in this appeal.

22-12338                Opinion of the Court                3

the sexual act, Wright's challenge fails.  Accordingly, after careful review, we affirm.

## I.    Background

On August 17, 2020, Wright's biological daughter, J.W., alerted a family friend that her parents had been sexually abusing her.[2]  The family friend alerted police, who interviewed Wright and his wife, searched their phones, and seized other electronic devices from their house.  The search of their electronic devices revealed many images and videos depicting child pornography.  Twenty-eight videos were found depicting oral, vaginal, and anal sex between J.W. and her parents over a two-year period.  Wright also had additional images of other minors—friends of J.W.—who had slept over in the home, where Wright took photos of the minors sleeping.  In the photos, Wright is seen pulling the sleeping minors' underwear to the side to expose their genitals and posing nude with an erect penis near the exposed portions of their bodies.  Finally, other images of child pornography (not involving Wright, his wife, or J.W.) were discovered, including 3,111 videos and 316 photos depicting oral sex, anal sex, vaginal sex, bondage, and bestiality involving minors.

---

[2] We take the undisputed facts from the presentence investigation report and from Wright's plea colloquy.  *See United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) ("[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them.") (quotation omitted)).

J.W. stated during her interview that Wright began sexually abusing her when she was five years old, and that by 2020, when she was twelve, Wright was forcing her to have sex with him 15 to 20 times per month.  J.W. said that her mother also participated in the sexual abuse and would try to calm her down during the abuse.

Wright was indicted on six counts of producing child pornography involving his own minor daughter and other minors, in violation of 18 U.S.C. § 2251(a), (b), and (e).[3]  Wright reached a written plea agreement, under which he pleaded guilty to one count of producing child pornography of his daughter, J.W. (Count 1), and one count of production of child pornography of an unrelated minor victim, M.L. (Count 4), in exchange for dismissal of the remaining four counts.

Only Count 4 is at issue in this appeal.  Count 4 involved fourteen photographs that Wright took of M.L., a friend of J.W.'s whom J.W. had invited to their house to spend the night.  While M.L. was sleeping, Wright moved her underwear to the side and took photos of her exposed vagina.  In one of the photos, Wright placed his bare, erect penis close to M.L.'s exposed vagina.  M.L. was nine years old at the time.

At the change-of-plea hearing, the district court confirmed that Wright had received a copy of the indictment and that

---

[3] The government also charged J.W.'s mother with three counts of production of child pornography while being the parent of the minor victim in violation of 18 U.S.C. § 2251(b) and (e).  She later pleaded guilty to one count and received a sentence of 360-months' imprisonment.

Wright's lawyer had explained the charges to him. The district court then read the charge in Count 4 to Wright and explained each element of the charge. In pertinent part, the district court explained that the government would have to prove beyond a reasonable doubt (1) that Wright did or attempted to either "employ, use, induce, entice, [or] coerce" M.L. (2) "to engage in sexually explicit conduct." The district court did not define what it meant "to engage in sexually explicit conduct." The district court asked Wright if he understood this charge and gave him a chance to ask questions. Wright confirmed that he understood the charge and did not have any questions.

The government then recited the facts relevant to Count 4, namely that Wright took explicit photos of M.L. while she was having a sleep over with J.W., and that the photographs depicted M.L.'s exposed vagina and Wright's erect penis positioned over M.L.'s vagina. Wright admitted these facts and that the government could prove them beyond a reasonable doubt if the case went to trial. Accordingly, the district court found that there was an adequate factual basis for Count 4. Wright at no point objected to the district court's explanation of the elements of Count 4, the factual basis for Count 4, or otherwise challenged the validity of his plea.

The district court sentenced Wright to 360 months for both Count 1 and Count 4 to run consecutively for a total sentence of 720-months' imprisonment. Wright now appeals his conviction as to Count 4.

## II.    Discussion

Wright argues, for the first time on appeal, that the district court violated Federal Rules of Criminal Procedure 11(b)(1)(G) and (b)(3) in accepting his guilty plea.[4]  The two asserted violations stem from the same alleged error.  Wright argues that to convict him under 18 U.S.C. § 2251(a), the government needed to prove that M.L. volitionally participated in the sexually explicit conduct. Because the district court did not discuss a volitional requirement when instructing Wright on the nature of his charge or require the government to make a factual showing that M.L. volitionally participated in the conduct, Wright argues that the district court violated the requirements of Rules 11(b)(1)(G) and (b)(3) in taking his guilty plea.  And because M.L. was sleeping when Wright photographed her, Wright argues he would not have pleaded guilty if he knew M.L. had to have volitionally participated in the sexually explicit conduct.

Wright asserts these Rule 11 errors for the first time on appeal, so we review them for plain error only.  *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015).  On "plain error review, [Wright] bears the burden of establishing that

---

[4] Although Wright's plea agreement contained an appeal waiver, he argues that the appeal waiver does not prevent this appeal because his claims would render the plea agreement invalid and unenforceable.  The government agrees.  The parties are correct that Wright's appeal waiver does not bar the instant appeal.  *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284–85 (11th Cir. 2015) (explaining that asserted violations of Rule 11(b)(1)(G) and Rule 11(b)(3) "are not barred by [an] appeal waiver in [a] plea agreement").

(1) there is an error; (2) that is plain or obvious; (3) affecting his substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (quotation omitted). As for the second requirement, "a district court's error is not 'plain' or 'obvious' if there is no precedent directly resolving [the] issue," *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (quotation omitted), or if the error is not "plain . . . in view of the unequivocally clear words of a statute or rule." *Aguilar-Ibarra*, 740 F.3d at 592. Moreover, "[a]n error cannot be plain if neither the Supreme Court nor this Court has ever resolved the issue, and other circuits are split on it." *United States v. Bobal*, 981 F.3d 971, 975 (11th Cir. 2020) (quotation omitted).

Rule 11(b)(1)(G) requires a district court, before accepting a guilty plea, to "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). The purpose of this nature-of-the-charge rule is to "ensure that a defendant's guilty plea is knowing." *United States v. Lopez*, 907 F.2d 1096, 1099 (11th Cir. 1990). A district court's approach to this task is not governed by mechanical rules, and it "may be done in different ways depending on various factors." *United States v. Wiggins*, 131 F.3d 1440, 1443 (11th Cir. 1997). We have said that what is required varies based on the complexity of the charge; ranging from reading the indictment and allowing the defendant to ask questions for simpler charges, to explaining the offense like that given to the jury

in its instructions for "charges of extreme complexity." *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir. 1979).[5]

Relatedly, Rule 11(b)(3) requires a district court, before entering judgment on a guilty plea, to "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This rule "requires that the factual basis for each essential element of the crime be shown." *United States v. Boatright*, 588 F.2d 471, 475 (5th Cir. 1979). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *Lopez*, 907 F.2d at 1100.

In relevant part, 18 U.S.C. § 2251(a) provides that "[a]ny person who *employs*, *uses*, persuades, induces, entices, or coerces any minor *to engage in* . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e)." (emphasis added).

While Wright's case was pending appeal, we rejected an identical argument to that made by Wright. We held that § 2251(a) does not require that the minor volitionally participate in the sexually explicit conduct. *United States v. Dawson*, 64 F.4th 1227,

---

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit issued before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

22-12338                Opinion of the Court                9

1236–39 (11th Cir.), *cert. denied* 144 S.Ct. 343 (2023).[6]  In *Dawson*, we addressed

> whether an offender 'uses' a minor in violation of § 2251(a) only by having the minor engage in sexually explicit conduct, or whether an offender 'uses' a minor when the minor's presence is the object and focal point of the offender's sexual desire as the offender, not the minor, engages in the sexually explicit conduct.

*Id*. at 1236.  We held that the phrase "to engage in" in § 2251(a) does not require a minor "to be actively engaged in [the] sexually explicit conduct." *Id*.  Rather, the different verbs in the statute—"employs, uses, persuades, induces, entices, or coerces"—"suggest a continuum of participation by the minor covering a broad range of criminal conduct."  *Id*. at 1237.  And "[o]n the passive end of the spectrum, . . . the verbs 'employs' and 'uses,' suggest[] the passive involvement of the minor, rather than the active engagement of the minor, in the offender's sexually explicit conduct."  *Id*.

Thus, even though the minor in *Dawson* sat passively unaware in the defendant's presence while he filmed himself

---

[6] After the government filed a citation of supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j) addressing *Dawson*, we directed Wright to file a supplemental letter brief addressing whether *Dawson* foreclosed his argument.  In that letter brief, Wright argues that *Dawson* is distinguishable because the minor victim in that case was awake, and Wright's minor victim was sleeping.  This difference is not meaningful.  Based on *Dawson* and the plain language of § 2251(a), Wright's argument fails.

masturbating, we upheld the defendant's conviction under § 2251(a). *Id.* at 1238–39. We reasoned that the defendant's "actions constituted the use of a minor to engage in sexually explicit conduct in violation of" § 2251(a) because the minor served as "the object of [defendant's] sexual desire as he engage[d] in sexually explicit conduct." *Id.* at 1238.

*Dawson* squarely forecloses Wright's argument. Although M.L. was sleeping, it is clear that she was "employ[ed]" or "use[d] as the object of [Wright's] sexual desire as he engage[d] in sexually explicit conduct." *Id.* Because 18 U.S.C. § 2251(a) "does not require the minor to be actively engaged in sexually explicit conduct," *Dawson*, 64 F.4th at 1236, such a factual showing was not necessary under Rule 11(b)(3), nor was it part of the nature of the charge that the district court needed to explain to Wright under Rule 11(b)(1)(G). Accordingly, the district court did not commit plain error in taking Wright's guilty plea without finding M.L. volitionally participated in the sexual act.[7]

**AFFIRMED.**[8]

---

[7] Wright also argues that the rule of lenity should apply to read § 2251(a) to exclude his conduct. But as we explained in *Dawson*, because "the traditional tools of statutory interpretation provide sufficient clarity on the meaning of § 2251(a)[,] . . . the rule of lenity does not apply." 64 F.4th at 1239.

[8] This appeal was originally scheduled for oral argument, but the panel unanimously agreed to remove it from the oral argument calendar under 11th Circuit Rule 34-3(f).