UNITED STATES of America, Appellee,

v.

Robert MICHAELSON, Appellant.

No. 728, Docket 76–1559.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1977.

Decided March 31, 1977.

Barry Ivan Slotnick, New York City, for appellant.

James A. Moss, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Frederick T. Davis, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before FEINBERG, OAKES and GUR-FEIN, Circuit Judges.

FEINBERG, Circuit Judge:

Robert Michaelson appeals from an order of the United States District Court for the Southern District of New York, Kevin T. Duffy, J., denying Michaelson's motion to withdraw his guilty plea to a charge of aiding and abetting the filing of a false document with the United States Department of State. 18 U.S.C. §§ 1001 and 2. Appellant offers us a number of reasons why the judge erred, but we find none of them, on this record, persuasive. Therefore, we affirm the judgment of the district court.

Michaelson was indicated in May 1976 on four counts. The first charged him and six co-defendants with conspiring both to file false documents with the State Department and also to violate the Gun Control Act of 1968. The remaining counts alleged that the same defendants had facilitated the filing of three false documents with the State Department. Trial began on September 20, 1976, by which time two of appellant's co-defendants had entered guilty pleas. The next morning, after the jury had been selected, two more defendants pleaded guilty. On the next day, after the Government and one of the two remaining co-defendants had made opening statements, Michaelson withdrew his not guilty plea on one count of the indictment and pleaded guilty to the charge described above. At the time of the guilty plea, there was colloquy in open court, described in greater detail below. The remaining two defendants were later found guilty by the jury, after a two-week trial.

Sentencing was scheduled for November 5, 1976, and then for November 22. On November 16, counsel for Michaelson was allowed to examine the Pre-Sentence Report, prepared by the Probation Office. On November 18, appellant's attorney asked for a delay in the sentencing hearing. This request was denied. On November 19, Michaelson moved to withdraw his guilty plea on various grounds, discussed below. On November 22, Judge Duffy denied this motion and sentenced appellant to five years imprisonment on Count Four of the indictment. In accordance with the Government's agreement with appellant, the other three counts were then dismissed. This appeal followed.

I

Appellant argues that the district judge abused his discretion in not allowing him to withdraw his guilty plea. Fed.R.Crim.P. 32(d) provides:

A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Thus, the Rule offers little guidance as to the applicable standard for a pre-sentence withdrawal of plea. Appellant, however, reads various authorities as suggesting that motions for such relief are to be viewed with great liberality. E. g. *Kercheval v.*

*United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927) (withdrawal allowed in court's discretion "if for any reason the granting of the privilege seems fair and just"); *United States v. Stayton*, 408 F.2d 559 (3d Cir. 1969); *Gearhart v. United States*, 106 U.S.App.D.C. 270, 272 F.2d 499 (1959); ABA Standards Relating to Pleas of Guilty, § 2.1(b).[1] As appellant sees it, the applicable test is that a defendant "may withdraw his plea of guilty prior to sentencing when he has good reason to do so and the Government has proffered no (or insufficient) reason not to allow it." [2]

The dissenting justices in *Neely v. Pennsylvania*, supra note 1, pointed out that the Supreme Court has "not previously answered" the question "under what circumstances a defendant, *prior to sentencing*, may withdraw a guilty plea." 411 U.S. at 954, 93 S.Ct. at 1934 (emphasis in original). But we have faced this question with some frequency, and have held that the defendant has the burden of satisfying the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government. *United States v. Lombardozzi*, 436 F.2d 878, 881 (2d Cir.), cert. denied, 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971); *United States v. Fernandez*, 428 F.2d 578, 580 (2d Cir. 1970).[3] Moreover, we have held that the trial judge's determination on whether defendant has met his burden will be reversed "only if clearly erroneous." *United States v. Lombardozzi*, supra, 436 F.2d at 881; *United States v. Podell*, 519 F.2d 144, 148 (2d Cir.), cert. denied, 423 U.S. 926, 96 S.Ct. 270, 46 L.Ed.2d 252 (1975).

Turning now to the alleged justification for withdrawal of the plea, appellant argued in the district court that (1) the Government had violated a plea agreement by giving the Probation Office its views as to defendant's relative culpability; (2) at the time of the guilty plea, Michaelson told the judge that his alleged criminal acts "were the product of fear and duress" so that there was an insufficient factual basis for the plea; and (3) the Government had not disclosed to Michaelson prior to his plea that the Government informant was "a real life gangster."

Taking these arguments in turn, we hold that the district judge did not abuse his discretion in refusing to allow the guilty plea to be withdrawn. The record indicates that the Government informed Michaelson before his guilty plea that it would make no recommendation as to sentence. That promise was not broken. But appellant also argues that the Government therefore impliedly agreed not to furnish the Probation Office with information the Government had as to the part each defendant played in the criminal scheme. However, the Government had a duty to transmit such facts, see *United States v. Needles*, 472 F.2d 652, 654–55 (2d Cir. 1973), and the argument that it impliedly agreed not to is frivolous.

The claim based upon alleged fear and duress is similarly without merit. When Michaelson's guilty plea was taken, he did tell the judge that he was "induced" to go to two conspiratorial meetings and that he had been afraid. But he went on to say,

I knew I could have gone to the authorities. I acted stupidly. I should have gone to the authorities.

There is no hint in the record that Michaelson, well represented by a competent attor-

---

1. Appellant also cites the opinion of Justice Douglas joined in by Justices Stewart and Marshall, dissenting from the denial of certiorari in *Neely v. Pennsylvania*, 411 U.S. 954, 93 S.Ct. 1934, 36 L.Ed.2d 416 (1973).

2. Appellant's brief at 13.

3. We do not believe that this test differs materially from the one suggested by appellant. As already indicated, appellant correctly points out that several circuits state that pre-sentence withdrawal of a guilty plea should be "freely allowed," but those circuits also hold that defendant must still show a valid ground for the withdrawal. See, e. g., *Nunez Cordero v. United States*, 533 F.2d 723 (1st Cir. 1976); *United States v. Cook*, 487 F.2d 963 (9th Cir. 1973); *United States v. Stayton*, 408 F.2d 559, 561–62 n. 6 (3d Cir. 1969); *Everett v. United States*, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964).

ney, was unaware that entrapment or coercion could be used as a defense. Moreover, the judge had already heard the Government's opening statement and explored with Michaelson on the record what he had done and the state of his knowledge. Cf. *United States v. Podell,* supra, 519 F.2d at 149–50; *United States v. Navedo,* 516 F.2d 293, 298 n. 10 (2d Cir. 1975); *Irizarry v. United States,* 508 F.2d 960, 967 (2d Cir. 1974). Under the circumstances, there was a sufficient factual basis for Michaelson to plead. Moreover, it is clear that he pleaded guilty after four co-defendants had pleaded guilty and after the Government's opening statement at trial, because he thought it was in his best interests to do so. Michaelson's change of mind after the trial of his co-defendants had ended and after he had seen the Pre-Sentence Report is simply not sufficient reason to require the district judge to grant the motion.[4]

Nor was the judge compelled to grant that relief because appellant argued that the Government failed to tell him that its informant, with whom Michaelson had dealt, was a "real life gangster working with the Government." Appellant's alleged "fear" of hoodlums had been the basis of the entrapment defense appellant decided to discard when he pleaded guilty. That one of the hoodlums was a "real" gangster, who "informed" for the Government, would not have erased appellant's propensity to commit the crime and his admission that he "should have gone to the authorities."

II

Michaelson also argues that his guilty plea was not taken in accordance with vari-

ous technical requirements of Fed.R.Crim.P. 11(c), (d) and (e), and must therefore be vacated. Appellant relies upon *United States v. Journet,* 544 F.2d 633 (2d Cir. 1976), which we decided on November 1, 1976, five and one-half weeks after appellant pleaded guilty but three weeks before his motion to withdraw his guilty plea was denied. In *Journet,* we considered the effect of the recent amendments to Fed.R. Crim.P. 11[5] and stated that ". . . unless the defendant is specifically informed of each and every element enumerated in Rule 11 the plea must be vacated." 544 F.2d at 634. Although Michaelson never raised the issue in the district court, his brief in this court[6] argues that Rule 11 was not followed in the following respects: He was not advised that at trial, he would have the right not to be compelled to incriminate himself and the right to cross-examine witnesses against him; and that by pleading guilty, he waived the right to trial and that he might be required to answer questions that could later be used against him; moreover, the record did not reflect that the plea was the result of an agreement with the Government, which was accepted by the district judge.

The Government contends, and the record discloses, that all but two of these contentions are factually incorrect. The two exceptions relate to the requirement that a defendant be advised, under Rule 11(c)(3), that he cannot be compelled to incriminate himself and, under Rule 11(c)(5), that if he pleads guilty and answers questions from the court, they may later be used against him.[7] The claim before us, then, is a limit-

---

4. The Government points out that since Michaelson had twice unsuccessfully moved to sever, granting the change of plea motion after the end of the trial against the remaining defendants would have given appellant the severance he had earlier sought.

5. The portions of the amended Rule relevant here became effective on December 1, 1975.

6. Appellant's brief at 17.

7. The pertinent portions of Rule 11 read:
    (c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court

must address the defendant personally in open court and inform him of, and determine that he understands, the following: . . .
    (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

    (5) that if he pleads guilty or nolo contendere, the court may ask him questions about

ed one, but nonetheless substantial in view of the broad language of *Journet,* quoted above, and the Government's concession that the district judge "did not specifically advise" Michaelson in these two respects. The Government argues, however, that the plea need not be set aside because different standards apply when a plea is taken during, rather than before, a trial, because lack of prejudice is a relevant factor in assessing the effect of the failure to comply with Rule 11, and because *Journet* should not be applied retroactively.[8]

Each of these arguments raises substantial difficulties. It is unlikely that as a general rule different "standards" apply under Rule 11 depending upon when a plea is taken. Moreover, the panel in *Journet* rejected the concept of "harmless error" on the facts before it. 544 F.2d at 636. And the argument for non-retroactivity must face the undeniable fact that Congress did prescribe December 1, 1975—well before the plea in the case—as the effective date of the amendments to Rule 11.

Nonetheless, and putting to one side appellant's failure even to mention these arguments in the district court, we believe that vacating appellant's guilty plea would be a needlessly rigid reading of amended Rule 11 and of *Journet.* The panel in that case itself recognized at least a minimum of flexibility in applying Rule 11(c). As originally filed on November 1, the opinion listed the requirement of 11(c)(5), see note 7, supra, along with other mandatory advice. The opinion was later corrected to add the following footnote:

> We recognize that, unlike the practice in some other circuits, the district courts in this circuit do not follow the custom of placing the defendant under oath before questioning him in connection with the acceptance of his guilty plea. However,

> the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

since the court has the right to do so and Rule 11(c)(5) is phrased in mandatory terms, it is advisable to give the warning to the defendant.

*Journet,* supra, 544 F.2d at 637 n. 6. Use of the phrase, "it is advisible," indicated some leeway for assessing the failure to give this advice, at least when, as here, defendant was not put under oath before questioning about his guilty plea.

■ The other alleged deficiency in the taking of the guilty plea—the judge's failure specifically to advise Michaelson of his right not to be compelled to incriminate himself—raises more of a problem. The Government points out that at the time of sentencing (after Michaelson had unsuccessfully moved to withdraw his plea), his attorney made clear that Michaelson had intended to testify at trial in order to establish his defense of entrapment. Moreover, since Michaelson was represented by a competent attorney, who had gone as far as to pick a jury and participate in a trial, it seems highly unlikely that the lawyer would not have advised Michaelson of his right not to incriminate himself. It seems clear, then, that Michaelson did not plead guilty because of a belief that the Government could force him to take the stand against his will. We realize that a major purpose of the amendments to Rule 11 and its strict reading in *Journet* is to avoid all such fine inquiries by establishing a detailed prophylactic check list. Yet, we cannot ignore that the plea here was taken after the trial commenced and before *Journet* authoritatively construed the amendments to Rule 11, and in a context where Michaelson must have known his rights. Under these circumstances, we believe it would be a needlessly rigid construction of Rule 11 to hold that the guilty plea on this record must be set aside. Our decision therefore is not to

8. In a post-argument letter, the Government points to a recent unpublished district court decision taking this position. *United States v. Saft,* 76 CR 414 (S.D.N.Y., Feb. 17, 1977).

be interpreted as overruling *Journet* in any respect.

Judgment affirmed.[9]

**9.** Citing *United States v. Robin*, 545 F.2d 775 (2d Cir. 1976), Michaelson also urges that the judge erred in refusing to postpone the sentencing hearing when requested to do so. The contention is without merit. Michaelson's attorney examined the pre-sentence report six days before sentence, so that *Robin* is factually distinguishable. Moreover, he was not foreclosed from pointing out discrepancies in the report. See *United States v. Needles*, 472 F.2d 652, 658 (2d Cir. 1973).