**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Anis JUREIDINI,**
**Defendant–Appellant.**

No. 87–5039.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1988.

Decided May 20, 1988.

Lisa Bondareff Kemler (William B. Moffitt, Alexandria, Va., on brief), for defendant-appellant.

Liam O'Grady, Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for plaintiff-appellee.

Before WILKINSON, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

WILKINSON, Circuit Judge:

This case presents an unusual form of plea agreement whose concept frustrates the legitimate function of the Parole Commission and whose implementation frustrated the bargain of the parties. We remand the case to the district court with

directions to fashion an appropriate remedy.

## I.

On December 17, 1986, appellant John Jureidini pled guilty to one count of conspiracy to distribute more than one kilogram of cocaine in violation of 21 U.S.C. § 846 and one count of interstate travel for purposes of an unlawful activity in violation of 18 U.S.C. § 1952(a)(1). In exchange for his guilty plea the government agreed that, for purposes of parole consideration, the total amount of cocaine distributed by appellant was less than five kilograms. The expectation was that, because of this agreement, the Parole Commission would classify Jureidini as having committed a category six offense, which, under Parole Commission Rules, would make him eligible for parole after serving forty to fifty-two months of his sentence. If the amount of cocaine involved exceeds fifteen kilograms, the offense would be classified as a category eight, and the defendant would have to serve one hundred or more months before being eligible for parole.

Prior to sentencing, a presentence report was prepared by the probation office. The report indicated that 28.5 kilograms of cocaine were distributed during the conspiracy. Defendant was sentenced on February 27, 1987 to serve a term of eight years on count one and three years on count two, to run concurrently. After sentencing, defense counsel moved to excise from the presentence report the reference to the 28.5 kilograms of cocaine since consideration of that information by the Parole Commission would be inconsistent with the terms of the plea agreement.

The court refused to strike the quantity of cocaine from the presentence report, but made a specific finding that the amount of cocaine involved in appellant's case was less than five kilograms. The plea agreement, presentence report, and the court order finding the amount of cocaine involved to be less than five kilograms, were then sent to the Parole Commission. Based on the information that the conspiracy involved "extremely large scale amounts of more than 18.75 kilograms of cocaine," the Parole Commission's preliminary assessment of Jureidini's conduct placed him in offense category eight.

Jureidini appealed, alleging breach of the plea agreement.

## II.

■ When the government agreed to limit the quantity of cocaine involved in this case to less than five kilograms, the parties anticipated that appellant would be classified as an offense category six for purposes of parole. The government stated as much in the hearing on Jureidini's motion to modify the presentence report. These clear expectations were frustrated when appellant was preliminarily classified as a category eight as a result of information provided to the Parole Commission indicating that the quantity of cocaine involved exceeded 18.75 kilograms.

This frustration of the bargain is due in large measure to the highly improvident nature of the plea agreement itself. The agreement seemingly contemplates either limiting the information made available to the parole board or dictating the action to be taken by the parole board in a particular case. Either course frustrates the Parole Commission's duty to determine when release is appropriate for a particular defendant. *See United States v. Addonizio*, 442 U.S. 178, 188–89, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979). As a result, when the Parole Commission reached a decision contrary to that anticipated by the plea agreement, the purpose of the plea agreement was never fulfilled.

■ Regardless of the reasons for the frustration of the bargain, that frustration calls into question the validity of the plea. "[W]hen a plea rests ... on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). To ensure the voluntariness and validity of appellant's plea, the court has a duty to ensure that the bargain represent-

ed by the plea agreement is not frustrated. *See United States v. Harvey,* 791 F.2d 294, 300–03 (4th Cir.1986); *Correale v. United States,* 479 F.2d 944, 947–49 (1st Cir.1973). The appropriate relief is determined by the facts and circumstances of the particular case. The district court is in the best position to determine whether the ends of justice are best served through specific performance, *see, Davis v. United States,* 649 F.Supp. 754, 759 (C.D.Ill.1986),* by ordering some other form of equitable relief, *see Correale,* 479 F.2d at 949–50, or by rescinding the plea agreement. *See Santobello,* 404 U.S. at 262–63, 92 S.Ct. at 498–99. We leave it to the sound discretion of the district court to fashion whatever relief may be appropriate in this case.

We emphasize that this plea bargain was exceedingly ill-advised. Nothing in Rule 11 of the Federal Rules of Criminal Procedure appears to authorize the form of plea agreement in this case. We take comfort in the thought that we will not again encounter this species of agreement, for the Assistant United States Attorney has assured us that the agreement in issue here is the first and last of its kind.

For the foregoing reasons, we remand this case to the district court to fashion such relief as is required by the circumstances of this case.

REMANDED.

---

* Specific performance here would mean binding the Parole Commission to the plea agreement on the theory that "[b]oth the United States Attorney and the Parole Commission are agents of the Government and are therefore bound by what are, in effect, *Government* promises."

*Davis,* 649 F.Supp. at 759. That such a course might interfere with the Parole Commission's performance of its own statutory obligations is, however, a matter that may bear on the exercise of equitable discretion by the district court.