**UNITED STATES of America, Plaintiff,**

v.

**Peter ARVANITIS, Robert Richards, Peter Leventopolous and Perikles Panagiotaros, Defendants.**

**No. 87 CR 515.**

United States District Court, N.D. Illinois, E.D.

Sept. 8, 1988.

---

William Theis, Chicago, Ill., for John Yannakis.

John Theis, Chicago, Ill., for Anastasious Paschalis.

David P. Schippers, Craig Tobin, Chicago, Ill., for Peter Gaitanis.

Patrick Tuite, Chicago, Ill., for Stelios Panagiotaros.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Currently before the Court is defendants[1] Robert Richards, Peter Leventopolous and Perikles Panagiotaros' motion to "vacate guilty plea or in the alternative for specific performance of the trial judge's finding that offense category rating is 5." Defendants contend that they had ineffective assistance of counsel because their counsel advised them prior to entering their respective guilty pleas that the offense severity rating applicable to their offenses was a 5.[2] The Parole Commission has subsequently determined that a rating of 7 is applicable to their case. The government argues that defendants can only seek the relief they seek now via direct appeal or under 28 U.S.C. § 2255. Defendants respond that they want the Court to treat their motion as one under § 2255. Accordingly, we will do so.

■ When defendants' counsel told them that a rating of 5 applied to their case, it was true. It is only because of subsequent submissions of aggravating material by the United States Attorney to the Parole Commission that the severity rating has been raised to 7. The plea agreement for all defendants indicated that "[T]he United States will bring all matters in aggravation and mitigation to the sentencing court."

Asst. U.S. Attys. Ted Helwig, Steven A. Miller, Chicago, Ill., for U.S.

Allan A. Ackerman, Chicago, Ill., for Peter Arvanitis.

Thomas J. Royce, Chicago, Ill., for Robert Richards.

Richard Pezzopane, Oak Lawn, Ill., for Peter Leventopoulos.

Ronald Menaker, Chicago, Ill., for Perikles Panagiotaros.

1. Defendant Peter Arvanitis also joined this motion. However, because he has filed an appeal, we have no jurisdiction to rule on his motion. Accordingly, as to Arvanitis, we dismiss the motion for lack of jurisdiction.

2. Defendants also argue that under *United States v. Jureidini*, 846 F.2d 964 (4th Cir.1988), and *United States v. Nelson*, 837 F.2d 1519 (11th Cir.1988), they are entitled to withdraw their guilty pleas or get specific performance of a severity rating of 5. *Jureidini* and *Nelson* each involved a situation where the plea agreements *included* something, and the government violated that agreement. We made a specific finding that the plea agreements in this case did not include a promise by the government that a severity rating of 5 would apply. (June 30, 1988 Sentencing Hearing, Tr. 26).

Therefore, there was nothing improper in the United States Attorney's action. Also, defendants' counsel consulted with the United States Probation Office and Ms. Sharon Kramer, an attorney and a parole specialist, and all confirmed that a severity rating of 5 applied. (June 30, 1988 Sentencing Hearing Tr. at 7). The initial presentence report also indicated that a 5 rating applied. Given all of this information, we find it very difficult to conclude that under *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1986), defendants' counsels' actions "were outside the wide range of professionally competent assistance." *Id.* Additionally, under *Strickland* "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* We found all of counsel's actions were very reasonable and competent. The advice they rendered was based on consultations with experts and the Parole Commission itself. Accordingly, even if defendants were prejudiced by the later determined erroneous advice, there is no "cause" under *Strickland* for ineffective assistance of counsel.

▆ Additionally, we gave all defendants an opportunity to withdraw their pleas at the sentencing hearing if they were not satisfied with the relief the court gave at the hearing when they raised this very same issue. (Tr. 26). All defendants after taking a brief recess indicated that they found the alternative to withdrawing their guilty pleas acceptable. That alternative was that this Court struck the government's June 29 response and indicated for the record that the Court would treat this as a category 5 offense for sentencing purposes. Additionally, the Court stated for the benefit of the Parole Commission its view that "based on the factual scenario that was presented in all fairness [the parole authorities] also ought to treat this as a category 5." (Tr. 28–29). The Court also made very clear that it did not know whether it could bind the Parole Commission. We find that defendants' ratification of their earlier pleas under these circumstances would vitiate any ineffective assistance

on their earlier pleas had there been ineffective assistance. *Cf. United States v. Billington*, 844 F.2d 445 (7th Cir.1988).

Should the Seventh Circuit conclude differently, then this Court would be willing to reduce defendants' respective sentences so that the current severity rating of 7 would result in a comparable sentence to defendants' current sentences under a rating of 5. *Cf. Strader v. Garrison*, 611 F.2d 61, 65 (4th Cir.1979). In light of this possibility, the government is directed to calculate what the necessary sentences should be in that situation and inform the Court on or before September 13, 1988. It is so ordered.