Juan R.
**BERGANZO–ROMERO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Civ. No. 89–1618 (JAF).

United States District Court,
D. Puerto Rico.

Feb. 23, 1990.

---

Juan R. Berganzo–Romero, pro se.

Guillermo Gil and Everett M. de Jesús, Trial Attys., and Charles E. Fitzwilliams, Acting U.S. Atty., Dist. of Puerto Rico, U.S. Dept. of Justice, San Juan, P.R., for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

Before the court is Juan R. Berganzo–Romero's *pro se* petition under Title 28 U.S.C. section 2255, and the government's opposition thereto.

Pursuant to a plea bargain agreement, Berganzo–Romero pled guilty to Count Two of the indictment charging him with conspiracy to possess with intent to distribute amounts of heroin and cocaine in ex-cess of one kilogram. 21 U.S.C. §§ 841(a)(1) and 846. On August 25, 1988 the court was presented with a presentence investigation report ("P.S.I."), after which Berganzo–Romero was sentenced to a term of fifteen years of imprisonment, a $75,000 fine, and a special monetary assessment of $50.00.

Berganzo–Romero now seeks to be sentenced anew, advancing two main grounds: (1) that information attributed to the prosecutor and included in the P.S.I. breached the government's plea agreement promise to make no allocution at the time of sentencing; and (2) that the government did not provide petitioner with a copy of the P.S.I. prior to ten days before sentencing in violation of Title 18 U.S.C. section 3552(d). We respond to each argument in turn.

### I. Breach of the Plea Agreement

■ It is axiomatic that when a guilty plea is predicated in any significant degree on a promise or agreement with the prosecutor, such promise or agreement must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Because a plea agreement is in the nature of a contract, courts have held that a defendant is entitled to the specific performance of promises contained therein. *United States v. Gonzalez–Sánchez*, 825 F.2d 572, 578 (1st Cir.1987); *United States v. Garcia*, 698 F.2d 31, 37 (1st Cir.1983). We must determine, therefore, the nature of the prosecutor's promise so as to decide whether the same has been breached. *U.S. v. Stemm*, 847 F.2d 636, 637 (10th Cir. 1988).

The plea agreement at issue in this case states (in pertinent part) the following:

2. In exchange of [sic] defendant's guilty plea to Count 2 of the indictment the government agrees not to make an allocution at the time of sentencing and leave the sentencing to the sound discretion of the Court. The government further agrees to inform the Court that the maximum penalty applicable to this defendant is twenty (20) years and will not initiate forfeiture proceedings against de-

fendant's residence at Quintas de Dorado, Calle 11 L–8, Dorado, Puerto Rico.

The agreement further stipulates that "[n]o additional promises, terms and/or conditions have been entered into other than those set forth in this plea agreement and none will be entered into unless in writing and signed by all parties."

Petitioner argues that the government breached its promises "not to make an allocution at the time of sentencing" and to "leave the sentencing to the sound discretion of the Court." Petitioner does not claim that these promises were breached by virtue of anything the prosecutor said in open court at the time of sentencing; rather, Berganzo–Romero claims that the prosecutor used the P.S.I. to indirectly make an allocution as to petitioner's degree of participation in the drug conspiracy. In particular, petitioner objects to a claim contained in the P.S.I. and attributed to the prosecutor that "the defendant would distribute, on occasion, heroin for Mr. Pellerito," arguing that this statement goes beyond the statements given by the prosecutor at the change of plea hearing to the effect that petitioner was merely the "contact man" between the two principal actors in the conspiracy.

The problem with this argument, as we see it, is that it adopts an overly broad view of the government's promise "not to make an allocution at the time of sentencing." In reaching this conclusion the court is mindful, of course, that the responsibility for any lack of clarity in the plea agreement "must fall upon the government," *United States v. Giorgi*, 840 F.2d 1022, 1026 (1st Cir.1988), and that the government may not accomplish through indirect means what it promised not to do directly. *United States v. Cook*, 668 F.2d 317, 321 (7th Cir.1982). Nevertheless, we cannot read into the prosecutor's "no allocution" statement a promise not to relate the government's version of the case in the P.S.I. or to limit this version to only those facts expounded during the change of plea hearing. *See U.S. v. Stemm*, 847 F.2d 636 (10th Cir.1988) (government did not breach

plea bargain agreement to make no sentencing recommendation by including prosecution's version of case and culpability rating of twelve defendants in the P.S.I.); *United States v. Michaelson*, 552 F.2d 472, 475 (2nd Cir.1977) (government did not break promise not to make sentencing recommendation by furnishing the probation office with information as to the part each defendant played in the criminal scheme).

We note, furthermore, that this is not a case where the plea agreement specifically stipulated the facts underlying the prosecutor's case. In *U.S. v. Jureidini*, 846 F.2d 964 (4th Cir.1988) and *U.S. v. Tobon–Hernández*, 845 F.2d 277 (11th Cir.1988), two cases cited by petitioner, the government in the respective plea agreements stipulated that defendants' offenses involved specific quantities of cocaine. Both plea agreements were found to have been breached when the prosecutors alleged significantly larger quantities in the P.S.I.'s. *See also U.S. v. Nelson*, 837 F.2d 1519 (11th Cir.1988) (government violated plea agreement by providing parole commission and sentencing judge with statement of facts raising inference that defendant's involvement in drug conspiracy was much more extensive than that stipulated to in plea agreement).

Here, however, the plea agreement did not include a statement of facts and merely contained a waiver of the government's right to allocution at sentencing. Therefore, the cases cited by petitioner are not controlling. Moreover, we have already indicated that a mere promise to make no recommendation as to sentencing—without more—is not breached by detailing the extent of a defendant's criminal involvement in a pre-sentence report. *Stemm, supra; Michaelson, supra.*

Petitioner has no right to a resentencing based on these grounds.

## II. *18 U.S.C. Section 3552(d)*

█ Petitioner next argues that the government did not supply him with a copy of the P.S.I. prior to ten days before the

sentencing as required by Title 18 U.S.C. section 3552(d).[1] After reviewing the effective date of section 3552(d), however, we must conclude that it is not applicable to the case at hand.

Section 3552 was adopted as part of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, Title II, c. II, § 212, 98 Stat. 1837 (1987), with the purpose of ensuring that a defendant has sufficient opportunity to challenge information contained in the presentence report. *U.S. v. Miller*, 849 F.2d 896 (4th Cir.1988). With a few exceptions not relevant here, the bulk of chapter II, sections 211–239, of Title II of Pub.L. 98–473 (which is inclusive of section 3552), "shall take effect on [November 1, 1987] *and shall apply only to offenses committed after the taking effect of this chapter....*" Section 235(a)(1) of Pub.L. 98–473, Title II, c. II, Oct. 12, 1984, 98 Stat. 2031, as amended. (Emphasis supplied.) In other words, in order for petitioner to benefit from section 3552(d), the acts underlying his offense must have occurred after November 1, 1987.[2]

This is not the case. The transcript of the change of plea hearing in this case makes clear that most of petitioner's participation in the conspiracy occurred prior to November 1, 1987. (Transcript at 10, 14, 15). Therefore, as the offense was committed before the effective date, section 3552(d) does not provide a basis for granting petitioner a new sentencing hearing.

■ Finally, although petitioner has not raised the issue himself, the court notes that this case does not involve a violation of Fed.R.Crim.P. 32(c)(3)(A), which requires the court to permit the defendant and his counsel to read the report at a "reasonable time before imposing sentence." *See U.S. v. Buckley*, 847 F.2d 991, 1001–03 (1st Cir. 1988). While petitioner now alleges that the time granted him to review the P.S.I. was insufficient, this claim is belied by statements made by his attorney during the sentencing hearing that she had read the report and found it "very complete." (Sentencing Transcript at 2).

For the foregoing reasons the petition is hereby DISMISSED.[3]

IT IS SO ORDERED.

1. 18 U.S.C. section 3552(d) states:

   The court shall assure that a report filed pursuant to this section is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, unless this minimum period is waived by the defendant.

2. The court does not think the First Circuit's opinion in *U.S. v. Buckley*, 847 F.2d 991 (1st Cir.1988) holds to the contrary. *Buckley* dealt with a situation where both the date of the offense and the date of the sentencing occurred prior to November 1, 1987. In May of 1988, however, the First Circuit remanded the case for resentencing due to a violation of Fed.R.Crim.P. 32(c)(3)(A), and in this context stated that on remand the defendant "is to be given access to the report at least ten days prior to sentencing, in accordance with 18 U.S.C. section 3552(d) (Supp. IV 1986), a statute that became effective November 1, 1987...." *Id.* at 1003. From this language, petitioner in the case at hand attempts to argue that the time of the sentencing—and not the time of the offense—is pertinent with regard to section 3552(d)'s effective date. While the quoted language from *Buckley* concededly provides some inferential support for this view, we note that the question was never placed squarely before the First Circuit in that case. Thus, we choose to treat these remarks as *dicta*, especially in view of the fact that section 235(a)(1) of Pub.L. 98–473, Title II, c. II explicitly ties the effective date to the date of the commission of the offense.

3. Pursuant to Rule 4(b) of the Rules Governing Proceedings in U.S. District Courts under 28 U.S.C. section 2255, we find no need to grant an evidentiary hearing because petitioner's claims are conclusively refuted by documents of record. *See Panzardi–Alvarez v. United States*, 879 F.2d 975, 985 n. 8 (1st Cir.1989), and cases cited therein.