UNITED STATES of America, Appellee,

v.

Kevin CLEMENTS, a/k/a "Knowledge," Defendant–Appellant.

No. 1134, Docket 92–1680.

United States Court of Appeals, Second Circuit.

Argued March 12, 1993.

Decided April 26, 1993.

Marion Seltzer, New York City, for defendant-appellant.

Charles L. Weintraub, New York City (Hoffman & Pollack, of counsel), argued for defendant-appellant.

James A. Goldston, Asst. U.S. Atty., Southern District of New York, for appellee.

Before: MAHONEY and WALKER, Circuit Judges, and LEONARD B. SAND, District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

Kevin Clements appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Michael B. Mukasey, *Judge*). For the reasons set forth below, we affirm.

## BACKGROUND

On July 27, 1992, after jury selection had been completed for the trial of the defendant and three others on various narcotics and firearms charges, the Assistant United States Attorney in charge of the prosecution advised District Court Judge Michael B. Mukasey that the Government had reached "an understanding with all of the defendants which will dispose of the case." The Assistant proceeded to state the terms of the proposed disposition pursuant to which the defendants would be permitted to plead to a lesser included offense of the narcotics violation charged in Count One of the indictment. The defendants were not required to admit to distribution of a specific quantity of cocaine base but, as part of the plea agreement, were to stipulate to a base offense level for sentencing guidelines purposes of 36, based on distribution of between 500 grams and 1.5 kilograms of cocaine base. There was no agreement as to the correct criminal history category. The defendants were also to plead to the firearms count, 18 U.S.C. § 924(c), which carried a five year mandatory consecutive sentence.

Although the Assistant repeatedly stated that the agreement reached was as to "all

defendants," the court was not explicitly advised by any party that the government had imposed as a condition of its plea bargain offer that all four defendants then on trial enter pleas, thus achieving a total disposition of the case. But for the ability to plead to the lesser included offense, one of the defendants is said to have faced a possible life sentence.

Judge Mukasey then proceeded to conduct an allocution pursuant to Fed.R.Crim.P. 11 posing the same question to each defendant in turn. As to Clements, his counsel stated:

"I should also note for the record that this was a reasoned decision after a lot of discussion with the government over the weekend, as well as the fact that I had an opportunity to bring Mr. Clements the 3500 material in the case. He had it over the weekend. We reviewed it, we discussed it ..."

When asked if he had been threatened or forced in any way to plead guilty, Clements responded negatively. He acknowledged that he was selling crack cocaine from specified premises and knew that firearms were in the apartment. The court accepted all four pleas and set dates for sentencing.

On November 4, 1992, before sentencing occurred, Clements' counsel advised the court that his client had expressed serious reservations about going forward with the sentence for the following reason:

Mr. Jacobs: ... This plea was conditional, that is, to the extent that all defendants were required to take the plea for the government to accept the plea bargaining that took place. I have no fault with that. That is a standard policy that is done by the U.S. Attorney's Office.

The Court: I don't know that it is standard in all cases. I think part of the reason in this case was it was a question of avoiding a trial.

Counsel went on to describe Clements' belief that he had been treated unfairly and that had he "been given the option alone of not having a conditional plea, that he would have gone to trial."

The gist of counsel's claim before Judge Mukasey was that as to the requirement that all defendants plead:

"It was not brought to your Honor's attention. I am not sure if it has to be, to the extent that it is not part of the plea bargaining per se, it was not an agreement or anything else like that. Nevertheless, it wasn't brought to your Honor's attention either by myself or any other counsel or by the government and, therefore, there is just nothing on the record about this. I am not sure if it has to be or not."

In further colloquy, appellant's counsel went on to state:

"I am not saying this defendant didn't voluntarily plea[d], Judge. He certainly did."

Judge Mukasey denied the application to withdraw the plea, stating his view that the allocution of the defendant and all the circumstances surrounding the plea supported the conclusion that it was made voluntarily with adequate information. The motion of a co-defendant, Seagers, who had joined in Clements' motion, was also denied.

After the denial of the withdrawal motion, Clements' counsel stated that he was ready to proceed with sentencing, although Clements himself stated that he was not ready and wished to "try to put some more motions or something to try to get my plea back." There was no specific request by Clements or his counsel for a hearing as to the voluntariness of his plea. Judge Mukasey refused to delay and proceeded to sentence Clements to 151 months pursuant to 21 U.S.C. § 841(b)(1)(d) as to Count 1, to be followed by the mandatory 60 months consecutive sentence pursuant to 18 U.S.C. § 924(a) as to Count 3; three years of supervised release, a $2,000 fine and a $100 special assessment.

### Discussion

█ In this Court, Appellant urges that it was error to have denied the motion pursuant to Fed.R.Crim.P. 32(d) [1] to withdraw the plea without a hearing. Appellant further

---

1. Fed.R.Crim.P. 32(d) reads in pertinent part: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason...."

urges that the joint plea proceedings were inherently coercive, a condition which was exacerbated by the failure of the government to disclose to the court that it had imposed the requirement that all defendants enter pleas as a condition of its plea bargain offer.

We have no doubt that the Rule 11 allocution in fact conducted by Judge Mukasey fully established the voluntariness of appellant's plea and that the failure to hold a hearing was not an abuse of discretion. We write because of the importance of the question and as guidance to the government in future proceedings.

■ Whatever doubts may have at one time been entertained as to "the constitutional implications of a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person other than the accused," *Bordenkircher v. Hayes*, 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, n. 8, 54 L.Ed.2d 604 (1978), it is now clearly established in the Second Circuit that the government may impose conditions which relate to the conduct or treatment of others. *United States v. Marquez*, 909 F.2d 738 (2d Cir.1990), *cert. denied*, 498 U.S. 1084, 111 S.Ct. 957, 112 L.Ed.2d 1045 (1991). As Judge Newman wrote, after noting that there was unanimity among the circuits that had considered the question, such pleas were proper if voluntary: "Since a defendant's plea is not rendered involuntary because he enters it to save himself many years in prison, it is difficult to see why the law should not permit the defendant to negotiate a plea that confers a similar benefit on others." *Id.* at 742.

The Court in *Marquez* noted that inclusion of a third-party benefit in a plea bargain is simply one factor for a district court to weigh in making the overall determination whether the plea is voluntarily entered. Obviously, it enhances the ability of the district court to evaluate the impact of a third party benefit on voluntariness if the court is explicitly advised that the government has attached such a condition to its plea offer. Appellant does

not seek to challenge the underlying holding of *Marquez* itself; rather, he urges that non-disclosure of the condition imposed by the government deprived the court of the opportunity to conduct a more highly focused inquiry as to voluntariness.

The government acknowledges in its brief to this Court "its obligation, as part of its broader responsibility to ensure full compliance with the provisions of Rule 11, to bring to the attention of the District Court all aspects of a plea agreement." Further, the government asserts: "Although it certainly would have been advisable for the Government to have disclosed the 'everyone or no one' condition of the agreement to the District Court, neither the Government nor Clements was under any confusion as to this aspect of the agreement."

We agree that the preferred practice is to advise the court explicitly of any condition that has been imposed and accepted by each of the pleading defendants. Where the government has seen fit to impose a condition that all defendants awaiting trial or none enter pleas, an application by a single defendant for withdrawal of a plea, made after the other defendants have also entered pleas and received the benefit of the bargain, obviously has the potential for frustrating the government's objective of totally disposing of the case without trial and may otherwise operate to the government's prejudice. Although a defendant, on a Rule 32(d) motion, has the burden of persuading the trial court that valid grounds for withdrawal exist and the court's decision that the burden has not been met will be reversed only if clearly erroneous, *United States v. Marquez*, 909 F.2d at 740, citing *United States v. Michaelson*, 552 F.2d 472, 475 (2d Cir.1977), there is no doubt that the more prudent course for the government is to address the question explicitly at the time the plea is proffered.[2]

2. Cf. *United States v. Daniels*, 821 F.2d 76 (1st Cir.1987) (refusal to permit plea withdrawal constitutes reversible error despite government's claim that defendant would obtain benefits of plea bargain for his brother but would not incur its burdens, where there was non-disclosure to

the court of the third party benefit agreement, and defendant, asked if he was coerced, replied: "No. I just got caught between two family members, your Honor ... Because of family feelings, I have to go along with what the other two want to do." *Id.* at 79).

We recognize the length to which Rule 11[3] allocutions have grown and do not lightly add to their length or complexity. However, conditions imposed by the government are of sufficient importance that they should be stated to the court so that it can take them into consideration when inquiring into the voluntariness of the plea.

Because we find that the appellant fully acknowledged the voluntariness of his plea made with full knowledge of all of the circumstances, we find that Judge Mukasey did not abuse his discretion in denying the motion to withdraw the plea without a hearing, and affirm his decision.[4]

## CONCLUSION

For the above reasons, the judgment of the district court is affirmed.

---

3. Rule 11 reads in pertinent part:

(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.

(e) Plea Agreement Procedure.

. . . . .

(2) Notice of Such Agreement. If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered ...

. . . . .

(h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

The issue here is not the usual one in which the *defendant* alleges a lack of awareness of an aspect of his plea bargain. Rather, the question here is whether the court itself had sufficient knowledge to enable it appropriately to explore the question of voluntariness.

4. At oral argument, Clements' counsel for the first time advanced a claim of innocence. This belated extra-record assertion is not properly before us and we give it no consideration. If Clements wishes to predicate any collateral attack on his conviction based on this claim, he is free to do so, subject of course to the restraints governing collateral attack based on matters which could have been, but were not, properly raised on direct appeal.