101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Melvin APPLEBAUM, Defendant-Appellant.
 No. 95-1699.
 United States Court of Appeals, Second Circuit.
 June 7, 1996.
 
 APPEARING FOR APPELLANT: Bobbi C. Sternheim, New York, N.Y.
 APPEARING FOR APPELLEE: Jeffrey M. Zimmerman, Asst. U.S. Atty., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before NEWMAN, Chief Judge, and JACOBS and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 Defendant-appellant Melvin Applebaum appeals from the District Court's order dated December 6, 1995, denying his Fed.R.Crim.P. 32(e) motion to withdraw his plea of guilty. On December 5, 1994, defendant pled guilty, pursuant to a cooperation agreement with the Government, to possession of forged securities, in violation of 18 U.S.C. § 513(a), and perjury, in violation of 18 U.S.C. § 1623. Defendant contends that he is innocent of the crimes charged and that he was denied effective assistance of counsel. He asks this Court to allow him to withdraw his guilty plea, or to order the District Court to hold an evidentiary hearing on the matter.
 
 
 4
 Rule 32(e) provides that a District Court may permit a defendant to withdraw his guilty plea before sentence is imposed upon a showing of a "fair and just reason." Fed.R.Crim.P. 32(e). A district court's decision to deny a motion to withdraw a guilty plea is reversed only if the court's factual findings are clearly erroneous or the denial is an abuse of discretion. United States v. Rodriguez, 968 F.2d 130, 141 (2d Cir.), cert. denied, 113 S.Ct. 140 (1992).
 
 
 5
 A defendant does not have an absolute right to withdraw his plea of guilty. See United States v. Burnett, 671 F.2d 709, 712 (2d Cir.1982). On the contrary, "the defendant has the burden of satisfying the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government." United States v. Michaelson, 552 F.2d 472, 475 (2d Cir.1977). We agree with the District Court that there is no basis for allowing defendant to withdraw his plea.
 
 
 6
 Defendant's belated assertions of innocence with respect to the section 513 charge, presented to the District Court for the first time only in defendant's supplemental papers in support of his motion to withdraw his guilty plea, are undercut by his post-arrest statements, his recorded conversations with the confidential informant and the undercover agent, his explicit acknowledgement of guilt at the plea allocution, see Blackledge v. Allison, 431 U.S. 63, 74 (1977) (defendant's statements at plea allocution "carry a strong presumption of verity"), and the timing of his motion to withdraw the plea, see United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992) (validity of assertion of innocence undermined because made seven months after plea and only after Government determined defendant not entitled to U.S.S.G. 5K1.1 letter of cooperation). Moreover, defendant has failed ever to assert that he is innocent of the perjury charge.
 
 
 7
 Defendant's allegation that his plea was the product of ineffective assistance due to his lawyer's inexperience and ill health is similarly without merit. At his plea allocution defendant expressly stated that he was fully satisfied with his counsel. In addition, we agree with the District Court that defense counsel's advice that defendant plead guilty in order to obtain a 5K1.1 letter from the Government was a reasonable strategy choice. Counsel reasonably concluded that defendant's proposed defense--that in negotiating the forged checks defendant believed he was acting as an undercover operative for the FBI--would not prove successful at trial, because it was unsupported by the record.
 
 
 8
 With respect to counsel's ill health, defendant initially claimed that counsel was rendered ineffective because he was suffering the effects of cancer and chemotherapy treatment. After the Government pointed out that counsel was diagnosed with cancer after defendant's guilty plea, defendant claimed that defense counsel's ill health at the time of the plea related to dental problems. We agree with the District Court that the defendant's failure to advance a consistent argument undermines his veracity. Moreover, the District Court stated that, based on its own observations, defense counsel was not suffering any infirmity at the time of the plea allocution.
 
 
 9
 We are also satisfied with the District Court's decision to deny defendant's motion without an evidentiary hearing. "No evidentiary hearing was required on the basis of [the defendant's] unsupported allegations, which merely contradicted [the defendant's] earlier statements made under oath at his plea allocution." See id. at 1101.