**Aldrich H. AMES, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. CR–94–00166–A.
No. Civ. A. 99–1340–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 2, 2000.

Mark Hulkower, U.S. Attorney's Office, Alexandria, VA, for U.S.

Aldrich Hazen Ames, White Deer, PA, pro se.

Plato Cacheris, Cacheris & Treanor, Washington, DC, for Aldrich Hazen Ames.

## MEMORANDUM OPINION

HILTON, Chief Judge.

This case is before the Court on the petitioner's motion, pursuant to Title 28, United States Code, Section 2255, to vacate, his conviction.

On April 28, 1994, petitioner, represented by counsel, pled guilty to two charges:

conspiracy to commit espionage (in violation of Title 18, United States Code, Section 794(c)) and conspiracy to defraud the United States (in violation of Title 18, United States Code, Section 371). That day, following his plea hearing, he was sentenced to a term of life imprisonment. Petitioner's wife pled guilty that same day to conspiracy to commit espionage (in violation of Title 18, United States Code, Section 703(g)) and conspiracy to defraud the United States (in violation of Title 18, United States Code, Section 371). Petitioner's wife served a term of imprisonment; she was released from prison in October of 1998.

On or about April 21, 1997, petitioner moved this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. The petitioner subsequently asked this Court to withdraw the first motion and on July 31, 1997, this Court dismissed petitioner's first § 2255 motion. On September 2, 1999, petitioner filed a second § 2255 motion. This motion is barred because it is not timely filed.

The language of 28 U.S.C. § 2255, as amended on April 24, 1996, by Section 105 of the Antiterrorism and Effective Death Penalty Act [the "AEDPA"], Pub.L. No. 104–132, 110 Stat. 1214 (1996), states that:

A 1–year period of limitation shall apply to a motion under this section, and that this period shall start from the latest of-
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly rec-

ognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (1996).

Here, petitioner's conviction was final in April 1994. The April 24, 1996 amendment to § 2255, however, permitted petitioner to file such a motion as late as April 24, 1997.

Petitioner claims "that he was forced to plead guilty, to yield important constitutional rights and legal rights and to assent to many government demands in violation of the Constitution and the laws, in order to enable his wife to take advantage of a plea agreement promising her lenience." (Petitioner's Memorandum in Support of Motion at 11). Thus, he argues that § 2255(2) enables him to file this motion now because the government essentially impeded him from making a timely motion until after his wife was released from prison in October 1998. He does not contend that any of the other statutory exceptions to the one-year limitation apply.

Section 2255(2) is quite clear: the impediment must be "created by governmental action in violation of the Constitution or laws of the United States . . . ." The impediment petitioner points to—essentially, that his plea of guilty was wired to his wife's plea of guilty in a way that prevented him from filing his motion until after her release from prison—is actually not an impediment at all. Rather, it is the manifestation of a choice petitioner made to wait until his wife's release before moving for redress. He was not impeded from timely filing his motion, he simply chose not to do to within the proper time frame.

Moreover, "wiring" the petitioner's plea agreement to the plea agreement of his wife violates neither the Constitution nor the laws of the United States. The Courts have approved so-called "wired" plea agreements which link the fate of a relative to the defendant's willingness to plead guilty. *See United States v. Pollard,* 959 F.2d 1011, 1020–1021 (D.C.Cir.), *cert. denied,* 506 U.S. 915, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992) (noting that every Circuit to have considered "wired" plea agreements has approved the practice). *See also United States v. Clements,* 992 F.2d 417, 419 (2d Cir.), *cert. denied,* 510 U.S. 919, 114 S.Ct. 316, 126 L.Ed.2d 262 (1993); *Harman v. Mohn,* 683 F.2d 834 (4th Cir. 1982). *Cf. United States v. Williams,* 47 F.3d 658, 661–662 (4th Cir.1995) (government can threaten to take any lawful prosecution action to exact a defendant's agreement as long as the defendant is free to reject the plea).[1]

The only "impediment" to petitioner's filing of a timely motion was his own idea about the consequences that might befall his wife if he proceeded. In fact, petitioner's wife had already pled guilty and was serving her sentence. This misguided notion, then, is certainly not an impediment imposed by the government, much less an impediment in violation of the Constitution or laws of the United States.

Petitioner chose not to file his § 2255 motion within the time prescribed by law. He has an elaborate explanation for this

failure, but it is ultimately unavailing. Petitioner could have timely filed; he simply chose not to do so. Petitioner's § 2255 motion is untimely and should be denied.

---

[1] In the alternative, petitioner suggests that the one-year statute of limitations otherwise applicable to this case must yield to an "equitable tolling" of the limitations period. Several circuits have endorsed this concept; the Fourth Circuit has yet to consider it. But by identifying four different dates in § 2255 that start the clock ticking (including that one upon which petitioner relies), Congress arguably intended to occupy the field of excuses for late filing. Moreover, the Third Circuit (which has recognized the concept of equitable tolling), noted that "[f]ederal courts invoke [this doctrine] only sparingly, and will not toll a statute because of what is at best a garden variety claim of excusable neglect on the part of the defendant.... [A] statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998) (internal quotations and citations omitted).