**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                                    No. 02-4227

JOSEPH BULLOCK,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-133)

Submitted: October 17, 2002

Decided: October 29, 2002

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Craig W. Sampson, LAW OFFICE OF CRAIG W. SAMPSON, Richmond, Virginia, for Appellant. Michael Cornell Wallace, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Joseph Bullock appeals the district court's order on remand granting specific performance as the remedy for the United States' breach of its plea agreement with him. In a brief filed by counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967),* Bullock argues the district court should have deferred to his preference of rescission in selecting a remedy. We disagree.

Bullock contends the concurring opinions in *Santobello v. New York*, 404 U.S. 257, 263 (1971), indicate a district court should consider the defendant's preference in selecting a remedy for a breach of a plea agreement. Based on our review of the record and the relevant case law, however, we find this contention unpersuasive. Courts consistently confer upon district courts unfettered discretion in selecting a remedy for a breach of a plea agreement. *See, e.g.*, *United States v. Jureidini*, 846 F.2d 964, 965-66 (4th Cir. 1988). Furthermore, we find the timing and context of Bullock's request to vacate his plea agreement attenuates his reliance on those concurring opinions. *See Santobello*, 404 U.S. at 267, 268. Nor do we find other error in the district court's finding that Bullock was entitled only to specific performance of his plea agreement.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm the district court's order granting specific performance.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

---

*Bullock was notified of his right to file a pro se supplemental brief, but he has not done so.

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*