**14**

UNITED STATES of America,
Appellee,

v.

Lawrence BENEDICT, Defendant–
Appellant.

No. 02–1531.

United States Court of Appeals,
Second Circuit.

March 12, 2003.

Martin J. Littlefield, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

Edmund H. Robinson (John G. Swomley, on the brief), Swomley & Associates, Boston, MA, for Defendant–Appellant.

PRESENT: CALABRESI, SACK, and CUDAHY,* Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL

---

* The Honorable Richard D. Cudahy, United States Court of Appeals for the Seventh Cir-    cuit, sitting by designation.

REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 12th day of March, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

In August 1998, Defendant–Appellant Lawrence Benedict was indicted on two counts of shipping child pornography in interstate commerce, in violation of 18 U.S.C. § 2252(a)(1), (a)(2) and (b)(1), and conspiracy. A co-defendant, Mikel Bolander, pleaded guilty in August 1999. In due course the case was set for trial. Not long before trial was scheduled to begin, health problems forced Defendant's counsel to withdraw, and so new counsel were retained and the trial was re-scheduled.

Two weeks before the new trial date, Defendant was allowed to inspect some of the material seized from his home. As he was about to leave the room where the materials were stored, guards allegedly discovered that he had taken two computer diskettes and put them in his pocket. Defendant was arrested for attempted theft of materials seized under a search warrant.

In the days following this arrest, Defendant and the government negotiated a plea agreement. Pursuant to that agreement, Defendant entered a plea of guilty to one count of the child pornography indictment, and the government dismissed the attempted theft charge and the other counts in the indictment. Prior to sentencing, Defendant retained a new attorney and a new computer forensics expert, and made a motion to withdraw his guilty plea. The district court granted a hearing on the motion, took testimony, inter alia, from Defendant's prior lawyers, and, in relation to the motion, heard additional arguments on Defendant's claim that his prior lawyers had rendered him ineffective assistance. The court then denied the motion, and subsequently denied a motion for reconsideration. The court sentenced Defendant principally to 46 months' incarceration, which he is presently serving.

Defendant appeals the district court's denial of his motion to withdraw his guilty plea, and its denial of his motion for reconsideration of that decision. Defendant claims that, in denying the motions, the district court abused its discretion because (1) Defendant had made a substantial showing of actual innocence, (2) there was no undue delay in bringing the motion to withdraw the plea, (3) Defendant's admissions of guilt at the plea allocution were "ambiguous at best," and (4) Defendant's trial counsel had misrepresented his actual exposure were he to proceed to trial.

The Federal Rules of Criminal Procedure provide that a defendant may withdraw a guilty plea prior to sentencing upon showing a "fair and just reason." Fed. R.Crim.P. 11(d)(2)(B) (2003). "Although this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal...." *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d

Cir.1992) (internal quotations marks and citations omitted). We review a district court's denial of Defendant's motion for leave to withdraw a guilty plea "for abuse of discretion; its findings of fact are reviewed for clear error; and whether it applied the correct legal principles is a matter of law to be reviewed de novo." *United States v. Gregory*, 245 F.3d 160, 164 (2d Cir.2001).

In its decision and order denying Defendant's motion to withdraw his guilty plea, the district court made several findings of fact. The court determined (1) that Defendant's lawyers told him, before the plea hearing, that "his admissions concerning guilt should only be made if they were true," that they explained the plea agreement to Defendant in detail, and that they advised Defendant that neither the government nor the court would entertain an *Alford* plea; (2) that Defendant's lawyers believed that a trial was not in Defendant's best interest, given the number of visual depictions of child pornography that the government had obtained, the government's "compelling" proof against Defendant, and Defendant's theft of the computer disks; (3) that Defendant's testimony at the hearing concerning the circumstances surrounding the guilty plea was "false and perjurious," and, in particular, that Defendant's claim that he had not read the plea agreement was "a total fabrication"; and (4) that, at the plea hearing, Defendant showed "no confusion, ambiguity, or hesitation of any kind ... when he answered, under oath, all of the questions posed to him by the Court concerning his acceptance and understanding of the plea agreement." Based on our review of the record, we cannot conclude that these findings are clearly erroneous.

■ Defendant objects to the district court's failure to hold a hearing on his claim of actual innocence, in light of "newly discovered technical evidence" that, he says, raised doubts about the government's case. But the court concluded that this claim simply challenged the *strength* of the government's case and therefore that no hearing was necessary because, under our cases, such a claim would not provide a basis for withdrawing the guilty plea. "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *Gonzalez*, 970 F.2d at 1100 (citing *United States v. Figueroa*, 757 F.2d 466, 475 (2d Cir.1985); *United States v. Michaelson*, 552 F.2d 472, 476 (2d Cir.1977)). This was so, the district court found, in particular because Defendant's claims of innocence directly contradicted his "consistently and affirmatively stated ... understanding concerning the plea agreement and his acceptance of it." *Cf. United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir.1997) ("The district court may require an evidentiary hearing if the defendant has presented some significant questions concerning the voluntariness or general validity of the plea, but it need not hold such a hearing if the movant's allegations merely contradict his earlier statements made under oath at his plea allocution." (internal quotation marks and citation omitted)).

■ The district court also rejected Defendant's claims that he received ineffective assistance of counsel, finding that the claims were "nothing more than after-the-fact criticisms of reasoned strategic judgments made by trial counsel." As noted above, the court heard testimony from Defendant and from his trial counsel and "credit[ed] defense counsel's testimony," while determining Defendant's testimony "to be one of the most blatant examples of false testimony [it] had ever heard." We cannot conclude that these findings were

clearly erroneous, nor can we hold, based on those findings, that the district court abused its discretion in denying Defendant's motion.

We have considered all of Defendant's remaining claims and find them meritless. We therefore AFFIRM the judgment of the district court.